JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff  *Jefferson*
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  *Fulton (Georgia)*
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)  *409.835.6000*
*Darren Brown, Provost Umphrey Law Firm*
*490 Park St. Beaumont Tx 77704*

Attorneys (If Known)  *Brian Coolidge  713.868.5560*
*Lorance & Thompson PC. 2900 N. Loop W.*
*Suite 500, Houston TX 77095*

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                     and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding

☑ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
*28 U.S.C. §1332*
Brief description of cause:
*Motorcycle crash on Fannett Rd in Beaumont*

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):  JUDGE  *Donald Floyd*   DOCKET NUMBER  *E181164*

DATE  *7.10.08*

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.     (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.     Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.     Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.     Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.     Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.     Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: <u>47 USC 553</u>
                                                                      Brief Description: <u>Unauthorized reception of cable service</u>

**VII.     Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.     Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| **JIMMY A. SMITH** | § | |
| | § | |
| | § | |
| | § | |
| **VS.** | § | **C.A. NO.** 1:08-CV-00381 |
| | § | |
| **MILOSLAV VILARET,** | § | |
| **COMPASS EXPRESS, INC. and** | § | |
| **ENTERGY GULF STATES** | § | **JURY TRIAL REQUESTED** |

## NOTICE OF REMOVAL

Defendants, Miloslav Vilaret and Compass Express, Inc., hereby give notice of the removal of cause No. E181164 filed in the 172nd Judicial District Court of Jefferson County, Texas, to the United States District Court for the Eastern District of Texas pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1446.

### FACTUAL BACKGROUND

1.      This suit is the result of a motorcycle crash that occurred on or about October 30, 2006, near the intersection of Fannett Road (Highway 124) and Parkview Drive in Beaumont, Jefferson County, Texas.

2.      Miloslav Vilaret was driving an 18 wheeler for Compass Express, Inc. He did not feel well and turned off of Fannett into a carwash and stopped his truck for a few minutes. The trailer attached to the truck extended out of the carwash parking lot and onto the shoulder of Fannett.

3.      Jimmy Smith was driving a Harley Davidson motorcycle northeast on Fannett. Smith had a passenger, Tonjia Chandler, riding along.

4.      Smith was following a car driven by an unknown third party. The driver of the car stopped on Fannett near Vilaret's trailer. The car did not collide with the trailer.

5.      Smith failed to come to a safe stop behind the car. Instead, Smith laid his bike on its side and slid into the ditch without colliding into another vehicle. Smith and Chandler were transported to the hospital.

6.      Smith brought a personal injury suit against Vilaret and Compass Express in Texas state court on February 1, 2008. (Ex. A.) Additionally, Smith brought a claim against Entergy Gulf States[1] for failure to provide, install, inspect and maintain street lights in the area of the crash. (Ex. A.)

7.      Vilaret is a resident of Georgia. Compass Express maintained its principle offices in Illinois and is incorporated in Illinois. Vilaret and Compass Express answered the state court petition on March 14, 2008. (Ex. B.)

8.      Entergy its offices in Beaumont, Jefferson County, Texas. Entergy answered the state court petition on February 29, 2008. (Ex. C.)

### FRAUDULENT JOINDER

9.      Vilaret and Compass Express would show the Court that Plaintiff has no possibility of obtaining judgment against Entergy. Accordingly, Entergy is fraudulently joined, and its status as a defendant in this case will not defeat diversity jurisdiction.

10.     "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, 'if the

---

[1] Entergy Texas, Inc. is the successor in interest to Entergy Gulf States operating in the Beaumont area as of January 1, 2008. Entergy Texas, Inc. answered and has made an appearance on behalf of Entergy Gulf States in this lawsuit.

plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (concluding no cause of action could succeed against the non-diverse defendant under Texas law and removal based on diversity was proper); *see also Bain v. Honeywell Int'l Inc.*, 167 F. Supp. 2d 932, 936–937 (E.D. Tex. 2001) (fraudulent joinder established where claim against non-diverse defendant was barred as a matter of law).

11.     "Merely *pleading* a valid state law claim, or one whose validity is reasonably arguable, against the resident defendant does not mean that the joinder of the resident defendant is not fraudulent. . . ." *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. Tex. 2004) (emphasis in original).  The district court should "pierce the pleadings to determine whether, under controlling state law, the non-removing party has a valid claim against the non-diverse parties." *LeJeune v. Shell Oil Co .*, 950 F.2d 267, 271 (5th Cir. 1992).

12.     The Fifth Circuit endorses a summary judgment-like procedure for disposing of fraudulent joinder claims.  *See B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981). Accordingly, district courts may consider outside evidence to determine a plaintiff has no possibility of obtaining a judgment against a party.  *Id.* at 549.  "In short, this circuit treats fraudulent joinder claims as capable of summary determination." *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

13.     Plaintiff claims Entergy failed to install, provide, inspect and maintain street lights in the area of the accident.  (Ex. A at 3.)  Plaintiff's theories of liability in this case against Entergy, "each and all amount[ ] to negligence." (Ex. A at 3.)  Thus, Plaintiff must show Entergy had and breached a duty owed to Plaintiff.

14.     The existence of a legal duty is a question of law for the court to decide from the surrounding facts. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990). If a defendant owed no duty, it cannot be found liable for negligence. *Whitmire v. Terex Telelect, Inc.*, 390 F. Supp. 2d 540, 557 (E.D. Tex. 2005). The factors to be considered in determining whether a legal duty exists include the likelihood of injury weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury, the consequences of placing the burden on the defendant, and whether a right to control exists concerning the actor whose conduct precipitated the alleged harm. *Graff v. Beard*, 858 S.W.2d 918, 920 (Tex. 1993).

15.     Under Texas law, "[t]he right of control is an important factor in determining the existence of a legal duty, and it is often the deciding factor." *Davis v. Dallas County*, 541 F. Supp. 2d 844, 851 (N.D. Tex. 2008); *citing Loyd v. ECO Resources*, 956 S.W.2d 110, 129 (Tex. App. Houston 14th Dist. 1997, no writ) (finding a defendant contracted by a M.U.D. to operate and maintain its water works owed no duty to homeowners in a class claim regarding corrosive water because the contractor did "not have authority to decide how to treat the water").

16.     The affidavit of Harry "Clay" Sport is attached to this notice of removal as Exhibit D and is fully incorporated herein by reference in support of the contention that Entergy has been fraudulently joined. The affidavit establishes Entergy did not have control or authority to install, maintain, inspect or provide street lights as alleged by Plaintiff:

> • Entergy did not have authority to install street lights on Fannett Road without a written request from the State of Texas. (Ex. D.)

- Entergy had no pending requests authorizing it to install street lighting along Fannett on the date of the accident. (Ex. D.)

- Entergy had no notice or complaint that the street light nearest the location of the accident was inoperative, and based on the lack of repair tickets or complaints given to Entergy, the light was working at the time of the accident. (Ex. D.)

17.     The evidence demonstrates Entergy did not owe a duty to Plaintiff as a matter of law.  Moreover, the evidence establishes that Entergy did not breach a duty to install, maintain, inspect or provide lighting in the area of the accident.

18.     Plaintiff cannot recover against Entergy.  Thus, Entergy is a fraudulently joined defendant.

### BASIS FOR REMOVAL BASED ON DIVERSITY JURISDICTION

19.     This cause may be removed pursuant to 28 U.S.C. § 1441(a). "[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . , to the district court of the United States for the district and division embracing the place where such action is pending." This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy is greater than $75,000.

### Diversity of Citizenship

21.     Absent the fraudulent joinder of Entergy, there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a).

22.     Plaintiff is an individual residing in Port Arthur, Texas.

23.     Compass Express, Inc., Defendant, is an Illinois corporation which maintained its principal place of business just outside of Chicago, Illinois.

24.     Miloslav Vilaret is an individual residing in Atlanta, Georgia.

*Amount in Controversy*

25.     In order for diversity jurisdiction to exist, the amount in controversy must exceed $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332(a).

26.     Plaintiff is claiming in excess of $75,000 in damages.

*Timely Filed*

27.     If a suit is not removable at the time of filing but later becomes removable, "a notice of removal may be filed within thirty days after receipt . . . of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b); *Beasley v. Goodyear Tire & Rubber Co.*, 835 F.Supp. 269, 273 (observing that a defendant has 30 days to petition for removal from the time it learns plaintiff has not possibility of recovering against a codefendant that defeats diversity).

28.     This removal is timely filed within thirty days of the date Defendants received the affidavit of Mr. Sport.  (Ex. D.)  The affidavit is the instrument from which Defendants were first able to ascertain that plaintiff has no possibility of obtaining a judgment against Entergy and determine it is a fraudulently joined defendant.

**JURY DEMANDED**

29.     A jury demand was made in state court.  Defendant requests that the case be tried before a jury.

## COMPLIANCE WITH NOTICE REQUIREMENTS

30.     Pursuant to 28 U.S.C. 1446(d), written notice of the filing of this instrument

has been contemporaneously given to the Plaintiff.  A true and correct copy of this Notice

of Removal has been contemporaneously attached as an exhibit with the written notice of

removal filed with the clerk of the state court.

Respectfully submitted,

Brian T. Coolidge
Texas State Bar #24004595

OF COUNSEL:

**LORANCE & THOMPSON, P.C.**
2900 North Loop West, Suite 500
Houston, Texas 77092
(713) 868-5560
(713) 864-4671 (Facsimile)
**Attorney for Defendants**
**Compass Express, Inc. &**
**Miloslav Vilaret**

## CERTIFICATE OF SERVICE

I certify that on the July 10, 2008, a true and correct copy of the foregoing instrument was mailed, postage prepaid, to all counsel of record.

_____

## INDEX OF ALL MATTERS BEING FILED

In compliance with 28 U.S.C. § 1446 and Local Rule 81, the following documents are attached to this Notice:

Exhibit A .......................... Plaintiff's Original Petition filed in Jefferson County, Texas District Court;

Exhibit B .......................... Defendants, Miloslav Vilaret and Compass Express, Inc.'s Original Answer filed in Jefferson County, Texas District Court;

Exhibit C .......................... Defendant, Entergy Texas, Inc.'s First Amended Answer to Plaintiff's Original Petition filed in Jefferson County, Texas District Court;

Exhibit D .......................... Affidavit of Harry "Clay" Sport;

Exhibit E .......................... List of all counsel of record, including addresses, telephone numbers and parties represented;

Exhibit F .......................... Status of Removed Case; and

Exhibit G .......................... Name and address of the court from which case is being removed.

# E181164

NO._____

| | | |
|---|---|---|
| JIMMY A. SMITH | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | |
| | § | JEFFERSON COUNTY, TEXAS |
| MILOSLAV VILARET, COMPASS | § | |
| EXPRESS, INC., and ENTERGY GULF | § | 172$^{d}$JUDICIAL DISTRICT |
| STATES | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW JIMMY A. SMITH, hereinafter referred to as "Plaintiff" in the above styled and numbered cause, complaining of MILOSLAV VILARET, COMPASS EXPRESS, INC. and ENTERGY GULF STATES, hereinafter referred to as "Defendants" and for cause of action would show unto the Court as follows:

1.

Discovery in this case is intended to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

2.

Plaintiff, JIMMY A. SMITH, resides at 708 N. 11th Street, Nederland, Jefferson County, Texas 77627.

3.

Defendant, MILOSLAV VILARET, is an individual residing at 1322 Briarwood Road, #C7, Atlanta, Georgia 30319. Mr. Villaret may be served with process pursuant to Texas Civil Practice and Remedies Code §17.062 by serving Ric Williamson, Chairman of the Texas Transportation Commission, 125 East 11th Street, Austin, Texas 78701

Defendant, COMPASS EXPRESS, INC. is an Illinois company, located in 5602 S. Park Road, Countryside, Illinois, doing business in the state of Texas and operating upon Texas



DEFENDANT'S EXHIBIT

A

roadways at the time of the occurrence. Said company may be served with process pursuant to Texas Civil Practice and Remedies Code §17.062 by serving Ric Williamson, Chairman of the Texas Transportation Commission, 125 East 11th Street, Austin, Texas 78701.

Defendant, ENTERGY GULF STATES, is a Texas company, located at 5495 Fannett Road, Beaumont, Texas 77705. Said company may be served with process pursuant to Texas Civil Practice and Remedies Code §17.062 by serving Paul A. Scheurich, 350 Pine Street, Beaumont, Texas 77701.

4.

Plaintiff, JIMMY A. SMITH would show that on or about October 30, 2006 at approximately 8:00 p.m., he was driving his motorcycle north along Hwy. 124. Defendant, MILOSLAV VILARET, had stopped his tractor-trailer blocking Plaintiff's lane of traffic, while attempting to turn his rig around. Said accident was caused by one or more negligent acts and/or omissions on the part of the Defendants, such acts being the proximate cause of personal injuries to Plaintiff, Jimmy A. Smith.

5.

The tractor-trailer was owned by Defendant, Compass Express, Inc., and was being driven by Defendant, Miloslav Vilaret. Plaintiff would show that Defendant, Compass Express, Inc. is directly liable to Plaintiff for its own negligence. In particular, such direct liability herein is predicated upon the legal theory of negligent entrustment, negligent hiring and negligent retention of an unqualified and/or unsafe driver. At all times material hereto, Defendant, Miloslav Vilaret was acting in the course and scope of his employment with Defendant, Compass Express, Inc. Such being the case, Defendant, Compass Express, Inc. is vicariously liable to Plaintiff for all such acts and omissions of negligence on the part of Miloslav Vilaret under the theory of respondent superior.

2

Each of these acts or omissions, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's

6.

On the occasion in question, Defendants, Miloslav Vilaret and Compass Express, Inc., were guilty of certain acts, wrongs, and/or omissions, each and all amounting to negligence.  Said acts, wrongs, and/or omissions include, without limitation, the following:

    a.  Failure to keep proper lookout as a person of ordinary prudence would have done under the same or similar circumstances;

    b.  Failure to keep the tractor-truck and trailer rig under proper control;

    c.  Failure to yield right-of-way;

    d.  Making an improper turn;

    e.  Failing to maintain equipment in proper working condition;

    f.  Failing to properly signal;

    g.  Operating a commercial tractor-trailer without proper qualifications and/or while being a disqualified driver;

    h.  Operating a commercial tractor-trailer without proper training and/or ability to do so;

    i.  Illegally blocking a lane of traffic of a state highway

    j.  Operating a commercial tractor-trailer without proper lighting; and

    k.  In committing various acts and/or omissions of negligence, both statutory and common law, to be specified in detail at the time of trial.

Further, on the occasion in question, Defendant, Entergy Gulf States was guilty of certain acts, wrongs, and/or omissions, each and all amounting to negligence.  Said acts, wrongs and/or omissions include, without limitation, the following:

    a.  Failure to properly install, inspect and maintain the street lights in the area of the accident.

    b.  Failure to provide adequate lighting in the area of the accident; and

    c.  In committing various other acts and/or omissions constituting negligence, both statutory and common law, to be specified in detail at the time of trial.

3

10.

Plaintiff also asserts a claim for prejudgment interest for all elements of damages that such interest is allowed for.

11.

WHEREFORE, Premises Considered, Plaintiff prays that the Defendants be cited to appear and answer herein as the law directs, and that upon final hearing, Plaintiff have and recover judgment of and from the Defendants pursuant to the above and foregoing allegations in such amounts as the evidence may show proper at the time of trial; together with interest thereon at the legal rate, costs of Court, and for such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**PROVOST ★ UMPHREY LAW FIRM**
490 Park Street
P. O. Box 4905
Beaumont, Texas 77704
(409) 835-6000
(409) 838-8888 (FAX)

By: _____
Darren Brown, SBN 03108350
ATTORNEYS FOR PLAINTIFFS

**JURY DEMAND**

Plaintiffs respectfully request a trial by jury.

_____
Darren Brown

5

NO. E181164

| | | |
|---|---|---|
| JIMMY A. SMITH | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | |
| | § | JEFFERSON COUNTY, TEXAS |
| MILOSLAV VILARET, | § | |
| COMPASS EXPRESS, INC. and | § | |
| ENTERGY GULF STATES | § | 172nd JUDICIAL DISTRICT |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants Miloslav Vilaret and Compass Express, Inc. and file this Answer to the petition filed by Plaintiff, and would respectfully show unto this Honorable Court as follows:

### I. GENERAL DENIAL

1.    As provided by Rule 92 of the Texas Rules of Civil Procedure, Defendants enter a general denial of the matters pleaded by Plaintiff's Original Petition, and ask that these matters be properly decided by this Honorable Court and Jury.

### II. AFFIRMATIVE DEFENSES

2.    Answering specifically, Defendants would show the Court and Jury that the accident was caused by the actions of parties or instrumentalities that Defendants had no control over, and said failure was the sole cause and/or proximate cause of the accident that is the basis of this suit.

3.    Pleading further, or in the alternative, Defendants would show the occurrence and injuries alleged by Plaintiff are the result of a new and independent

DEFENDANT'S EXHIBIT

cause made possible by a separate and independent agency. Any causal connection to an alleged act or omission of Defendants is destroyed by the new and independent cause.

4.     Pleading further, or in the alternative, Defendants would show the occurrence and injuries alleged by Plaintiff are the result of a new and independent cause made possible by a separate and independent agency. Any causal connection to an alleged act or omission of Defendants is destroyed by the new and independent cause.

5.     Pleading further, or in the alternative, Defendants would show the Court and Jury that the accident was caused by Plaintiff's failure to exercise that degree of care which persons of ordinary prudence under the same or similar circumstances would have exercised, and as such, said failure was the sole cause and/or proximate cause of the accident that is the basis of this suit.

6.     Defendants request that the Court submit questions and ask the Jury to assess the proportionate responsibility of Plaintiff, pursuant to Texas Civil Practice & Remedies Code 33.001 *et. seq.*

7.     Pleading further, or in the alternative, Defendants state that Plaintiff committed acts and/or omissions of negligence, both statutory and common law to be specified at trial.

## III.  JURY REQUESTED

8.      Defendants assert their right to a trial by jury under the Texas
Constitution, Article I, §15, and timely make this demand for a jury trial in accordance
with Texas Rules of Civil Procedure 216.  The jury fee has been paid.

WHEREFORE, PREMISES CONSIDERED, Defendants, Miloslav Vilaret and
Compass Express, Inc. pray that Plaintiff take nothing by this suit, and for such other and
further relief, both general and special, at law and in equity, to which Defendants may be
justly entitled.

Respectfully submitted,

LORANCE & THOMPSON, P.C.

Brian T. Coolidge
SBN: 24004595
2900 North Loop West, Suite 500
Houston, Texas 77092
(713) 868-5560
(713) 864-4671 Fax
**ATTORNEY FOR DEFENDANTS,
COMPASS EXPRESS, INC. and
MILOSLAV VILARET**

## CERTIFICATE OF SERVICE

On this ____ day of March, 2008, a true and correct copy of the foregoing
instrument has been provided to all parties by United States mail, courier service, or
telefax transmission.



CAUSE NO. E-181,164

| | | |
|---|---|---|
| JIMMY A. SMITH | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | |
| | § | JEFFERSON COUNTY, TEXAS |
| MILOSLAV VILARET, COMPASS | § | |
| EXPRESS, INC. and ENTERGY GULF | § | |
| STATES | § | 172ND JUDICIAL DISTRICT |

## DEFENDANT ENTERGY TEXAS, INC.'S FIRST AMENDED
## ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Entergy Texas, Inc., successor in interest to Entergy Gulf States, Inc., hereinafter called Defendant, and respectfully makes its First Amended Answer to Plaintiff's Original Petition, and respectfully pleads as follows:

I.

Defendant asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and Defendant requests that Plaintiff be required to prove the charges and allegations against Defendant by a preponderance of the evidence as is required by the Constitution and law of the State of Texas.

II.

Defendant says that at the time and on the occasion in question, Plaintiff was guilty of contributory negligence, and such negligence was the sole proximate cause or in the alternative, a proximate cause of the incident in question.

III.

Defendant says that at the time and on the occasion in question that some other party or event over which this Defendant had no control was the sole proximate cause or, alternatively, a proximate cause of the incident in question.

IV.

In the event that Defendant is held liable to Plaintiff, any such liability being expressly denied by Defendant, then Defendant is entitled to a reduction for the negligence, liability or other conduct alleged which is attributable to any other party to this lawsuit or settling person, in accordance with Chapter 33 of the Texas Civil Practice and Remedies Code.

V.

Defendant invokes the limitations set forth in §41.0105 of the Texas Rules of Civil Practice and Remedies Code wherein recovery of medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of the claimant.

VI.

Defendant asserts as an affirmative defense that it owed no duty to Plaintiff.

VII.

Defendant respectfully reserves the right to amend this Answer to Plaintiff's allegations as is its rights and privilege under the Texas Rules of Civil Procedure and the laws of the State of Texas.

VIII.

Defendant respectfully requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff recover nothing, Defendant recover its costs and for general and special relief.

Respectfully submitted,

ENTERGY TEXAS, INC.

By: _____
       Christine S. Kibbe, SB #00791666
       Paul A. Scheurich, SB #17745470
       Its Attorneys
       P. O. Box 2951
       Beaumont, Texas 77704-2951
       (409) 981-3000
       Fax (409) 981-3016

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all known counsel of record pursuant to the *Texas Rules of Civil Procedure* on this the _24th_ day of _June_ , 2008.

_____
Christine S. Kibbe

STATE OF TEXAS                              §
                                           §
JEFFERSON COUNTY                           §

## AFFIDAVIT OF HARRY "CLAY" SPORT

The undersigned, Harry "Clay" Sport, being first duly sworn on oath, states as follows:

     1.    My name is Harry "Clay" Sport. I am over the age of twenty-one years and of sound mind. I am competent to make this Affidavit. I have personal knowledge of the statements made herein and that the facts are true and correct.

     2.    I am currently employed by Entergy Texas, Inc. My business address is 60 North 11th Street, Beaumont, Texas, 77702.

     3.    I am currently the Texas Street Light Coordinator. In this position, my primary responsibility is for the inventory of and the billing of all Entergy Texas, Inc. owned street lights.

     4.    As part of my job, I have personal knowledge of the street lights owned and maintained by Entergy Texas, Inc. in Jefferson County. I also have personal knowledge of 5400 Fannett Road.

     5.    Entergy Texas, Inc. did not and does not have authority to install street lights along Fannett Road (also known as FM 124) without written request from the State of Texas. Entergy Texas, Inc. had no pending requests authorizing it to install street lighting along Fannett Road as of October 30, 2006.

     6.    The street light owned and maintained by Entergy Texas, Inc. closest to 5400 Fannett is a street light located on Parkview at its intersection of Parkview and Fannett Road. Per the City of Beaumont's instructions, this light was installed to illuminate Parkview, which is a City-owned street, and not Fannett Road, which is owned by the State.



7.     Entergy Texas, Inc. did not have any notice or any complaint that the street light located on Parkview at Fannett was out or not working properly on or about October 30, 2006. Based upon the lack of any repair tickets or any complaints, the street light located on Parkview at Fannett was working properly on October 30, 2006.

*Harry Clay Sport*

Harry "Clay" Sport

SUBSCRIBED AND SWORN TO before me on this 25th day of June, 2008.

*Connie McBryde*

Notary Public in and for the
State of Texas

CONNIE McBRYDE
Notary Public
STATE OF TEXAS
My Commission
Expires 11/15/2011

## LIST OF PARTIES, COUNSEL OF RECORD AND STATUS OF REMOVED CASE

**PARTIES:**

> **Plaintiff:**    Jimmy A. Smith

> **Defendants:** Miloslav Vilaret, Compass Express, Inc. and Entergy Gulf States

**ATTORNEYS:**

> **Attorney for Plaintiff, Jimmy A. Smith:**
> Darren Brown
> Texas Bar No. 03108350
> Provost Umphrey Law Firm
> 490 Park St.
> P.O. Box 4905
> Beaumont, TX 77704
> 409.835.6000
> 409.838.8888 fax

> **Attorney for Defendants, Miloslav Vilaret and Compass Express, Inc.:**
> Brian T. Coolidge
> Texas Bar No. 24004595
> Lorance & Thompson, PC
> 2900 North Loop West, Suite 500
> Houston, TX 77092
> 713.868.5560
> 713.864.4671 fax

> **Attorney for Defendant, Entergy Gulf States**
> Christine Kibbe
> State Bar No. 00791666
> Entergy
> 350 Pine St.
> Beaumont, TX 77701
> 409.981.3000
> 409.981.3016 fax



**STATUS OF REMOVED CASE:**

February 1, 2008 .........Plaintiff's Original Petition filed

February 14, 2008 .......Petition and Citation served on Entergy Gulf States

February 21, 2008 .......Petitions and Citations served on Miloslav Vilaret and Compass Express, Inc.

February 29, 2008 .......Defendant, Entergy Gulf States' state court Answer filed

March 17, 2008 ...........Defendants, Miloslav Vilaret and Compass Express, Inc.'s state court Answer filed

June 25, 2008 ...............Affidavit of Harry "Clay" Sport signed

July 10, 2008 ................Notice of Removal filed

Plaintiff has responded to Defendant's Interrogatories, Request for Production and Request for Disclosure. Defendants, Miloslav Vilaret and Compass Express, Inc. have responded to Plaintiff's Interrogatories, Request for Production, and Request for Admissions. Defendant, Entergy Gulf States has responded to Plaintiff's Request for Disclosure. There have been no settlement discussions. The matter has not been mediated. A Docket Control Order has not been issued by the state court judge. The case is not set for trial.



## NAME AND ADDRESS OF THE COURT
## FROM WHICH CASE IS BEING REMOVED

172nd District Court
Jefferson County Courthouse
1001 Pearl Street
Beaumont, Texas 77701

